[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

No. 08-13266
Non-Argument Calendar

_____

D. C. Docket No. 03-00032-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH JEROME HARVEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 9, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Keith Jerome Harvey, proceeding pro se, appeals the district court's denial

of his motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2).

Harvey pleaded guilty to conspiracy to possess with intent to distribute and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841, respectively. In determining the sentencing guidelines range, the probation officer noted that Harvey qualified as a career offender, which resulted in an offense level of 37 and a guidelines range of 262 to 327 months' imprisonment. Because the conspiracy conviction carried a statutory mandatory minimum of life imprisonment, however, the guidelines range became life. U.S.S.G. § 5G1.1(b). After the government informed the court of Harvey's substantial assistance and moved for a reduction in sentence under U.S.S.G. § 5K1.1, the court sentenced Harvey to 180 months' imprisonment. Harvey did not file a direct appeal.

Harvey subsequently moved for a reduction in sentence under 18 U.S.C. § 3582(c) based on Amendment 706 to the sentencing guidelines, which reduced base offense levels applicable to crack cocaine offenses. The district court denied the motion on the ground that the amendment would not change Harvey's guideline range due to his status as a career offender. The court further stated that "under the facts and circumstances of this case 180 months is still the appropriate sentence." This appeal followed.

"We review a district court's decision whether to reduce a sentence pursuant

2

to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. However, where the issue presented involves a legal interpretation, our review is de novo." United States v. Williams, 549 F.3d 1337, 1338-39 (11th Cir. 2008)(quotations and citations removed).

Under § 3582(c)(2), a district court may reduce the sentence of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Where a defendant was sentenced as a career offender and not based on the amount of drugs involved, his sentence is not "based on a sentencing range that has subsequently been lowered." Moore, 541 F.3d at 1327-28.

Moreover, where a statutory mandatory minimum sentence becomes the defendant's guideline range, any changes to the guideline range associated with the original offense do not affect that defendant's guideline range. Williams, 549 F.3d at 1339-40. Accordingly, even where the defendant benefitted from a § 5K1.1 motion and ultimately received a sentence below the guideline range for his original cocaine offense, Amendment 706 does not entitled the defendant to § 3582 relief. Id. at 1340-42.

Although Harvey acknowledges on appeal that his argument is foreclosed by United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v.

3

United States, 129 S.Ct. 965 (2009), and cert. denied, United States v. Moore, 129 S.Ct. 1601 (2009), he contends that Moore was wrongly decided because this court misinterpreted § 3582's use of the terms "sentencing range" and "applicable category of offense committed." We disagree and are bound by decisions of our prior panels unless or until such decision is overruled by this court sitting en banc or by the Supreme Court. United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998).

Here, Harvey' guidelines range was determined by the statutory mandatory minimum. Therefore, Amendment 706 had no effect on his guideline range, and did not entitle him to relief under § 3582. Accordingly, Harvey's arguments are foreclosed by this court's decisions in Moore and Williams.[1]

**AFFIRMED.**

---

[1] To the extent Harvey's brief constitutes a petition for hearing en banc, it is denied.